HOVER CONSOLIDATED ROYALTIES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 50795, 54327. Promulgated November 30, 1931.

*F. S. Jacobson, Esq.,* and *E. G. Toomey, Esq.,* for the petitioner.
*A. H. Fast, Esq.,* for the respondent.

1042

OPINION.

VAN FOSSAN: The petitioner is a common law trust in which the shares are represented by certificates of beneficial interest. The entire issue of such beneficial units was 2,500 units or shares of the "expressed" par value of $100 each. On July 21, 1926, the petitioner, through its trustees, purchased 1,250 Class B units from Herbert A. Hover for $25,000. The petitioner owned certain oil royalties and working interests in oil and gas projects. The respondent has allowed a proper depletion on such assets. The petitioner contends, however, that it is entitled to some allowance for "exhaustion or amortization or an offset of some other name," on the theory that the purchase of the Class B units was the acquisition of a property right to oil and that it is, therefore, the purchase of a depletable asset.

We can not agree with the petitioner's contention. Its income-tax returns were made as a corporation and it was so taxed. The certificates of beneficial interest correspond to shares of common stock in a corporation. They are assignable and transferable exactly as stock certificates. They represent an interest in the capital of the petitioner. They neither purport to, nor do they represent an ownership in or a property right to oil. Under the provisions of the trust agreement the trust might engage in many kinds of business. On July 21, 1926, it so happened that its assets consisted of oil royalties and operating interests in oil and gas wells.

When petitioner bought in 1,250 units of its ownership, it acquired no additional depletable assets. The only practical effect of the purchase was to make the holdings of its remaining unitholders proportionately more valuable. *Houston Brothers*, 21 B. T. A. 804. In the cited case we held that a corporation's own shares are not

assets, but merely a convenient form for evidencing shareholding interests. Such an increase in the proportionate value of the remaining units would not increase the base for determining depletion.

*Decision will be entered for the respondent.*